**Sherman HOLMES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–87–183–CR.**

Court of Appeals of Texas, Waco.

June 9, 1988.

John C. Paschall, Spence & Paschall, Hearne, for appellant.

Jimmie McCullough, Dist. & Co. Atty., Franklin, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Holmes from a probation revocation order.

Defendant plead guilty to misdemeanor driving while intoxicated on December 5, 1986. He was fined $500 and placed on 24 months probation. On April 13, 1987, the State filed a Motion to Revoke Probation. After a hearing on the State's motion, the trial court revoked defendant's probation and sentenced him to 45 days in the county jail.

Defendant appeals on 3 points asserting the trial court erred in admitting into evidence oral statements made by defendant to the arresting officer and to his probation officer. Defendant alleges that allowing these statements into evidence violates Article 38.22 of the Texas Code of Criminal Procedure.

Article 38.22 limits the admissibility of statements of an accused "made as a result of a custodial interrogation...." Tex.Code Crim.Proc.Ann. art. 38.22 (Vernon Supp.1988). Defendant's admissions to his probation officer were not made as the result of a custodial interrogation. *Barajas v. State*, 682 S.W.2d 588 (Tex.App.—Waco 1984); *Cunningham v. State*, 488 S.W.2d 117 (Tex.Cr.App.1972).

One ground for revocation, if proven, is sufficient to revoke probation. *Moore v. State*, 605 S.W.2d 924 (Tex.Cr. App.1980); *Herrera v. State*, 656 S.W.2d 148 (Tex.App.—Waco 1983). Even if the statements defendant made to the arresting officer were inadmissible, the statements to his probation officer that he had been drinking were sufficient to revoke his probation. *Barajas*, supra.

Points 1 through 3 are overruled.

AFFIRMED.