Kenneth W. Price Jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-194-CV

     KENNETH W. PRICE, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # COT-01-33490
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Kenneth W. Price, Jr., who is indigent and incarcerated in a Texas prison, filed a pro se
appeal from an order dated April 3, 2001, dismissing his civil suit for “failure to state cause of
action.” The clerk’s record was filed on June 15. There is no reporter’s record.
      Price has not filed a brief. On December 17, 2001, we informed Price that this cause would
be dismissed for want of prosecution unless he or any party desiring to continue the appeal filed
a response showing grounds for continuing the appeal. Tex. R. App. P. 38.8(a)(1). We have not
received a response.
      Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file a brief, the Court
may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellant’s failure to timely file
a brief.

Id. 38.8(a)(1).
      We have not received any communication from Price since August. Accordingly, we dismiss
the appeal for want of prosecution. Id. 38.8(a)(1). Costs are taxed against Price. Tex. R. App.
P. 43.4.
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed January 23, 2002
Do not publish 
[CV06]



ce to support each of the four violations of
community supervision the trial court found he had committed was factually insufficient. In a
probation revocation hearing, the State must prove by a preponderance of the evidence that the
defendant violated one or more terms of community supervision. Cobb v. State, 851 S.W.2d 871,
873 (Tex. Crim. App. 1993). Traditionally, appellate review of an order revoking community
supervision is limited to the determination of whether the trial court abused its discretion. DuBose
v. State, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996). One ground for revocation, if proven,
is sufficient to revoke a defendant’s community supervision. Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980); Holmes v. State, 752 S.W.2d 700, 701 (Tex. App.—Waco 1988,
no pet.).
      Rodden proposes that we use the Clewis


 standard to review his factual sufficiency claims. 
However, we have already held that because the Court of Criminal Appeals has not extended
Clewis to ancillary rulings, such as a community supervision revocation, we decline to do so as
well. Brumbalow v. State, 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet. ref’d). Other
sister courts have come to the same conclusion.


 We find no reason at this point to depart from
our holding in Brumbalow. Thus, we will review Rodden’s issues under the traditional analysis,
that is, whether the trial court abused its discretion in revoking Rodden’s community supervision.
      As one violation of community supervision, the trial court found that Rodden operated a
motor vehicle without the permission of the court. Condition 23A of Rodden’s community
supervision order states:
During the term of this Community Supervision, you will not operate a motor vehicle
unless written permission is obtained from the Court.

Testimony revealed at the hearing that Rodden was driving a vehicle during his community
supervision when he was stopped by a Bellmead police officer for driving the wrong way on a one-way road. He was eventually arrested for driving while intoxicated. Rodden’s attorney orally
stipulated at the hearing that Rodden never acquired an occupational drivers license. His
community supervision officer also had no record of written permission by the trial court,
occupational license or otherwise, to allow Rodden to drive. 
      We find that the trial court could have found by a preponderance of the evidence that Rodden
violated condition 23A of his community supervision. Thus, there was no abuse of discretion.
      Because we found one sufficient ground for revocation, we need not address Rodden’s
remaining issues. The trial court’s judgment is affirmed.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed 
Opinion delivered and filed February 14, 2001
Do not publish