

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-08-00023-CR

**MARCO DEMON PARKS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 30204

_____

## MEMORANDUM  OPINION

_____

Appellant Marco Demon Parks appeals the trial court's revocation of his community supervision.  We will affirm the trial court's judgment.

Parks pleaded guilty to the second degree felony offense of aggravated assault, and the trial court assessed his punishment at ten years' imprisonment and a $1,000 fine.  The court then suspended the prison sentence and placed Parks on community supervision for ten years.  Subsequently, the State filed a second amended motion to revoke Parks's community supervision alleging nine grounds for revocation, including:

(1) The No. 12 Condition of Probation states that the Defendant pay the sum of $40.00 to the Adult Probation Office of Navarro County, Texas, each month during the term of probation. The Defendant has violated this Condition of Probation, to wit: Marco Demon Parks has failed to pay the probation fee as ordered by the Court.

(2) The No. 14 Condition of Probation states that the Defendant shall pay the fine in the amount of $1000.00, through the Navarro County Adult Probation Department. The Defendant has violated this Condition of Probation, to wit: Marco Demon Parks has failed to pay the fine as ordered by the court.

(3) The No. 11 Condition of Probation states that the Defendant shall pay the cost of this cause in the amount of $423.00. The Defendant has violated this Condition of Probation, to wit: Marco Demon Parks has failed to pay the Court cost as ordered by the Court.

(6) On or about the 7th day of November, 2007, Marco Demon Parks violated the number 2 Condition of Probation, said condition providing that the [sic] avoid injurious or vicious habit, totally avoiding the use of narcotics, barbiturates, or habit forming drugs and alcoholic beverages, by his intentional use of alcohol as disclosed by his admission to drinking alcohol on the 9th day of November, 2007.

At the hearing on the motion to revoke, Parks pleaded "true" to these four allegations. After hearing evidence on the motion to revoke, the trial court revoked Parks's community supervision and assessed his punishment at ten years' imprisonment.

In his second issue, Parks contends that the trial court committed reversible error and abused its discretion by revoking Parks's community supervision because, even though he entered pleas of "true" to the alleged financial delinquencies, he had paid the sums required by his supervising probation officer.

Appellate review of an order revoking community supervision is limited to whether the trial court abused its discretion. *Forrest v. State*, 805 S.W.2d 462, 464 n.2 (Tex. Crim. App. 1991); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *see*

*also Maxey v. State*, 49 S.W.3d 582, 584 (Tex. App.—Waco 2001, pet. ref'd). The State is required to sustain the burden of proving the allegations of the motion to revoke community supervision. *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). One ground for revocation, if proven, is sufficient to revoke a defendant's community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Holmes v. State*, 752 S.W.2d 700, 701 (Tex. App.—Waco 1988, no pet.). A plea of "true" standing alone is sufficient to support a revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). When a plea of "true" is entered, the sufficiency of the evidence may not be challenged. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

As Parks acknowledges in his brief, he pleaded "true" to four of the allegations contained in the State's motion to revoke. These pleas of "true" were sufficient to support a revocation of Parks's community supervision. *See Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128. Because Parks pleaded "true" to at least one violation alleged in the State's motion to revoke, the trial court did not abuse its discretion in revoking his community supervision. *See Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128. Parks's second issue is overruled. We need not address his first issue. TEX. R. APP. P. 47.1. We affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed November 4, 2009
Do not publish
[CR25]