IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00023-CR

 

Marco Demon Parks,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 30204

 



MEMORANDUM  Opinion



 

            Appellant Marco Demon Parks appeals the
trial court’s revocation of his community supervision.  We will affirm the
trial court’s judgment.

            Parks pleaded guilty to the
second degree felony offense of aggravated assault, and the trial court
assessed his punishment at ten years’ imprisonment and a $1,000 fine.  The
court then suspended the prison sentence and placed Parks on community
supervision for ten years.  Subsequently, the State filed a second amended
motion to revoke Parks’s community supervision alleging nine grounds for
revocation, including:

(1) The No. 12 Condition of Probation
states that the Defendant pay the sum of $40.00 to the Adult Probation Office
of Navarro County, Texas, each month during the term of probation.  The
Defendant has violated this Condition of Probation, to wit: Marco Demon Parks
has failed to pay the probation fee as ordered by the Court.

 

(2) The No. 14 Condition of Probation
states that the Defendant shall pay the fine in the amount of $1000.00, through
the Navarro County Adult Probation Department.  The Defendant has violated this
Condition of Probation, to wit: Marco Demon Parks has failed to pay the fine as
ordered by the court.

 

(3) The No. 11 Condition of Probation
states that the Defendant shall pay the cost of this cause in the amount of
$423.00.  The Defendant has violated this Condition of Probation, to wit: Marco
Demon Parks has failed to pay the Court cost as ordered by the Court.

 

(6) On or about the 7th day
of November, 2007, Marco Demon Parks violated the number 2 Condition of
Probation, said condition providing that the [sic] avoid injurious or vicious
habit, totally avoiding the use of narcotics, barbiturates, or habit forming
drugs and alcoholic beverages, by his intentional use of alcohol as disclosed
by his admission to drinking alcohol on the 9th day of November,
2007.

 

At the hearing on the motion to revoke,
Parks pleaded “true” to these four allegations.  After hearing evidence on the
motion to revoke, the trial court revoked Parks’s community supervision and
assessed his punishment at ten years’ imprisonment.

            In his second issue, Parks contends
that the trial court committed reversible error and abused its discretion by
revoking Parks’s community supervision because, even though he entered pleas of
“true” to the alleged financial delinquencies, he had paid the sums required by
his supervising probation officer.

Appellate review of an order revoking
community supervision is limited to whether the trial court abused its
discretion.  Forrest v. State, 805 S.W.2d 462, 464 n.2 (Tex. Crim. App.
1991); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); see
also Maxey v. State, 49 S.W.3d 582, 584 (Tex. App.—Waco 2001, pet. ref’d). 
The State is required to sustain the burden of proving the allegations of the
motion to revoke community supervision.  Scamardo v. State, 517 S.W.2d
293, 298 (Tex. Crim. App. 1974); Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  One ground for revocation, if proven, is sufficient to revoke a
defendant’s community supervision.  Moore v. State, 605 S.W.2d
924, 926 (Tex. Crim. App. 1980); Holmes v. State, 752 S.W.2d 700, 701 (Tex. App.—Waco 1988, no pet.).  A plea of “true” standing alone is sufficient to support a
revocation of community supervision.  Moses v. State, 590 S.W.2d 469,
470 (Tex. Crim. App. 1979).  When a plea of “true” is entered, the
sufficiency of the evidence may not be challenged.  Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. 1979).

As Parks acknowledges in his brief, he
pleaded “true” to four of the allegations contained in the State’s motion to
revoke.  These pleas of “true” were sufficient to support a revocation of Parks’s
community supervision.  See Moses, 590 S.W.2d at 470; Cole, 578
S.W.2d at 128.  Because Parks pleaded “true” to at least one violation alleged
in the State’s motion to revoke, the trial court did not abuse its discretion
in revoking his community supervision.  See Moses, 590 S.W.2d at 470; Cole,
578 S.W.2d at 128.  Parks’s second issue is overruled.  We need not address his
first issue.  Tex. R. App. P. 47.1. 
We affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 




 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed November 4, 2009

Do
not publish

[CR25]

 

 






 2008, no pet.) (mem. op.) (appeal); In re Stephens,
No. 10-07-00278-CV, 2007 Tex. App. LEXIS 7949 (Tex. App.—Waco Oct. 4, 2007,
orig. proceeding) (mem. op.) (habeas).