

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00358-CR

**KODELL FOSTER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2004-1159-C1**

## MEMORANDUM OPINION
## ON PETITION FOR DISCRETIONARY REVIEW

As authorized by Rule 50 of the Rules of Appellate Procedure, we issue this modified opinion within 60 days after Appellant filed a Petition for Discretionary Review. TEX. R. APP. P. 50.

Appellant Kodell Foster appeals the trial court's revocation of his community supervision. We will affirm the trial court's judgment.

**Background**

Foster was charged by indictment with the second degree felony offense of possession of a controlled substance, to-wit: cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003). Pursuant to a plea agreement, Foster pleaded guilty. The trial court assessed his punishment at ten years' imprisonment and a $500.00 fine, but suspended the prison sentence and placed him on community supervision for ten years.

Approximately one year and eight months later, the State filed a first amended motion to revoke Foster's community supervision, alleging nine grounds for revocation:

1. On or about October 3, 2005 consumed marijuana.

2. On or about April 17, 2006 failed to abide by 10:00 p.m.-6:00 a.m. curfew.

3. On or about January 25, 2007 committed the subsequent offense of possession of marijuana.

4. On or about January 25, 2007 committed the subsequent offense of possession of cocaine.

5. On or about January 25, 2007 committed the subsequent offense of possession of ecstasy.

6. On or about January 25, 2007 committed the subsequent offense of possession of Xanax.

7. On or about January 25, 2007 committed the subsequent offense of unlawfully carrying a weapon, to wit; a butterfly knife.

8. On or about January 25, 2007 committed the subsequent offense of unlawfully carrying a weapon, to wit; a handgun.

9. On or about January 25, 2007 committed the subsequent offense of felon in possession of a firearm.

At the hearing on the motion, the State called only one witness to testify, the community supervision officer who had most recently supervised Foster. As to the first allegation, she testified that Foster had tested positive for marijuana on October 3, 2005, and although he had claimed he had used the marijuana before being placed on community supervision, he was verbally admonished at that time and "warned that the violation would stay." She stated, "[I]f he was tested positive again, he would be sanctioned at that time." As to the second allegation, she testified that a curfew check was randomly done on Foster on April 17, 2006, and he was found not to be at home. She testified that Foster received three weekends of incarceration as sanctions for this violation. Finally, as to the January 25, 2007 allegations, she testified that Foster was charged and arrested but that she did not know any specific facts about those cases. The State then offered, and the court admitted, a certified copy of a federal judgment, signed on September 17, 2007, that showed Kodell Valentino Foster was convicted of possession with intent to distribute cocaine within 1000 feet of a public school, possession with intent to distribute marijuana within 1000 feet of a public school, possession of a firearm during the commission of a drug trafficking crime, and possession of a firearm by a convicted felon.

Foster did not testify at the hearing, but both he and his trial counsel informed the court that the federal conviction was on appeal at that time and thus was not final.

The trial court found that Foster violated the conditions of his community supervision as stated in allegations 1-4, 8 and 9 of the State's motion. The court then

revoked Foster's community supervision and assessed his punishment at ten years' imprisonment and a $500.00 fine.

## Discussion

In his first issue, Foster contends that there is insufficient evidence showing he consumed marijuana after he was placed on community supervision as alleged in paragraph 1 of the State's motion.

Appellate review of an order revoking community supervision is limited to whether the trial court abused its discretion. *Forrest v. State*, 805 S.W.2d 462, 464 n.2 (Tex. Crim. App. 1991); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *see also Maxey v. State*, 49 S.W.3d 582, 584 (Tex. App.—Waco 2001, pet. ref'd). An order revoking community supervision must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of his community supervision. *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). The State is required to sustain the burden of proving the allegations of the motion to revoke community supervision. *Id.*; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

Foster first argues that although he tested positive for marijuana on October 3, 2005, the evidence is insufficient to show that he consumed the marijuana while on community supervision because he admitted he used marijuana three weeks prior to that date, which was before he was placed on probation, and it is well-documented that marijuana remains in a person's system for several weeks after ingestion of the drug. However, the trial court is the sole judge of the credibility of the witnesses and the

weight to be given their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). Thus, the trial court had the discretion to give no weight to the testimony that Foster claimed the positive drug test was the result of using marijuana before he was placed on community supervision.

Foster also contends that there is insufficient evidence that he consumed marijuana after he was placed on community supervision because the State introduced no evidence concerning what type of test was used, its manner of use, the test reliability, or the credentials of the test operator, but Foster cites no authority to support this proposition. Foster made no objection to the admission of any testimony at the revocation hearing; therefore, any complaints about the test (*e.g.*, its reliability or the qualifications of the test operator) were not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a). We thus conclude that the unobjected-to testimony from Foster's community supervision officer that Foster had tested positive for marijuana on October 3, 2005 is sufficient circumstantial evidence to show Foster consumed marijuana after he was placed on community supervision, and we overrule Foster's first issue.

In his third issue, Foster contends that the State was precluded by the principles of double jeopardy, collateral estoppel, *res judicata*, and due process from using the alleged violations in paragraphs 1 and 2 of the State's motion as grounds for revocation. Foster argues that each of those violations had already been presented to the community supervision department, the trial court's "agent and administrative arm," and Foster had been punished for those violations. The State responds in part that Foster's double jeopardy argument is not preserved for review.

A double jeopardy claim must generally be raised in the trial court to preserve the error for appellate review. *Gonzalez v. State*, 8 S.W.3d 640, 643-46 (Tex. Crim. App. 2000); *Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio 2005, pet. ref'd). However, an appellant may raise a double jeopardy claim for the first time on appeal (1) when the undisputed facts show the double jeopardy claim violation is clearly apparent from the face of the record, and (2) when enforcement of the usual rules of procedural default serve no legitimate state purpose. *Gonzalez*, 8 S.W.3d at 643; *Rangel*, 179 S.W.3d at 70.

Foster did not raise his double jeopardy claim in the trial court. Nor has he satisfied the *Gonzalez* test such that he may raise his claim for the first time on appeal. The Double Jeopardy Clause of the Fifth Amendment protects an accused from being punished more than once for the same offense. U.S. CONST. amend. V; *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008). Here, the only evidence introduced about the consequences that Foster received for allegedly consuming marijuana on or about October 3, 2005 (the alleged violation in paragraph 1 of the State's motion) was the testimony of Foster's community supervision officer. She stated that Foster was verbally admonished for the violation and "warned that the violation would stay. And if he was tested positive again, he would be sanctioned at that time." Based on this limited testimony, we cannot conclude that Foster was "punished" for this alleged violation such that his double jeopardy claim violation is clearly apparent from the face of the record. Thus, Foster's double jeopardy argument as to the alleged violation in paragraph 1 of the State's motion is not preserved for review.

Likewise, Foster failed to raise his collateral estoppel, *res judicata*, and due process claims in the trial court as to the alleged violation in paragraph 1, and they thus are not preserved for review. *See* TEX. R. APP. P. 33.1(a); *Rogers v. State*, 640 S.W.2d 248, 265 (Tex. Crim. App. 1982) (op. on 2d reh'g) (holding due process claim waived on appeal because no objection made at revocation hearing). Accordingly, we overrule Foster's third issue in part.

Foster raises no other issues challenging the trial court's finding that he violated a condition of his community supervision as set out in paragraph 1 of the State's motion. One ground for revocation, if proven, is sufficient to revoke a defendant's community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Holmes v. State*, 752 S.W.2d 700, 701 (Tex. App.—Waco 1988, no pet.). Thus, we hold that the trial court did not abuse its discretion in revoking Foster's community supervision. We need not address Foster's second issue, fourth issue, or the part of his third issue that concerns the alleged violation in paragraph 2 of the State's motion. TEX. R. APP. P. 47.1.

## Conclusion

We affirm the trial court's judgment. Our opinion and judgment dated June 3, 2009, are withdrawn, and this opinion is substituted as the opinion of the court. TEX. R. APP. P. 50(a).

REX D. DAVIS
Justice

Before Chief Justice Gray,
 Justice Reyna, and
 Justice Davis
Affirmed
Opinion delivered and filed January 27, 2010
Do not publish
[CR25]