In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00024-CR

                                                ______________________________

 

 

                                 KAY ANGELA DOUTHITT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22230

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Based
on Kay Angela Douthitt’s December 9, 2008,
plea of guilty to one count of possession of methamphetamine with intent to
deliver, and another count of delivery of methamphetamine (both in amounts of
more than four, but less than two hundred grams), her adjudication of guilt was
deferred and she was placed on community supervision for ten years.  On December 21, 2009, the State moved to
proceed with an adjudication of guilt on the allegation that she had admitted
to the use of methamphetamine in violation of the terms of her community
supervision.  Her guilt was adjudicated
on both counts January 14, 2010, and she was sentenced to fifteen years’
incarceration on both counts, to be served concurrently.  On her appeal from this, Douthitt alleges:  (1) that the evidence was legally and
factually insufficient to support the trial court’s decision to adjudicate
guilt; (2) that the condition of community supervision that she refrain from “injurious
or vicious habits” was vague and ambiguous; (3) that the trial court erred in
several respects in its refusal to exclude a December 18, 2009, written
statement in which Douthitt admitted violating a term of community supervision
by using methamphetamine; and (4) that her counsel rendered ineffective
assistance.  We will affirm the trial
court’s judgment.  

I.          Legally and Factually
Sufficient Evidence Supported the Trial Court’s Judgment

            Douthitt
signed two statements, one on October 13, 2009, and another on December 18,
2009, stating she used methamphetamine while on community supervision.  Based on these written statements, the State
filed a motion to adjudicate guilt on the underlying offenses.  In open court, Douthitt admitted she used
methamphetamine on or about October 9:

The Court:      The
allegations in the Motion?  The
allegations are that you violated Condition Two, that you used methamphetamine
on or about October 9, 2009?

 

[Douthitt]:      Yes,
sir, that one is true.  That one is
true.  And I know I do have a problem. 

 

However, while not challenging
the veracity of the October 13 statement, Douthitt recanted the admission of
drug use contained in her December written statement, saying that it was false;
she explained that her sole reason for signing it was because of fear to do
otherwise.  

            The
determination of an adjudication of guilt is reviewable in the same manner as
that used to determine whether sufficient evidence supported the trial court’s
decision to revoke community supervision. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2009).  While the decision to revoke
community supervision rests within the discretion of the trial court, it is not
absolute.  In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no
pet.).  To revoke community supervision,
the State must prove every element of at least one ground for revocation by a
preponderance of the evidence.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 10 (Vernon Supp. 2009); T.R.S., 115
S.W.3d at 320; Johnson v. State, 943
S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.).  “‘Preponderance of the evidence’ has been
defined as the greater weight and degree of credible testimony.”  T.R.S.,
115 S.W.3d at 320.  In other words, if
the greater weight of credible evidence in this case created a reasonable
belief that Douthitt violated a condition of community supervision, the
standard was met.  Id. at 321 (citing Martin v.
State, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel Op.] 1981)).  

            In
a revocation hearing, the trial judge is the sole trier of the facts and
determines the credibility of the witnesses and the weight to be given to the
testimony.  T.R.S., 115 S.W.3d at 321; Lee
v. State, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.); Johnson, 943 S.W.2d at 85.  Considering the unique nature of a revocation
hearing and the trial court’s broad discretion in the proceedings, the general
standards for reviewing factual sufficiency do not apply.  Pierce
v. State, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref’d).  Instead, we review the trial court’s decision
regarding community supervision revocation for an abuse of discretion and
examine the evidence in a light most favorable to the trial court’s order.  Id.
(citing Garrett v. State, 619 S.W.2d
172, 174 (Tex. Crim. App. 1981)); see
T.R.S., 115 S.W.3d at 321.  Thus, if the greater weight of credible
evidence creates a reasonable belief a defendant has violated a condition of
his community supervision, the trial court’s determination to revoke is not an abuse
of discretion and its order of revocation must be upheld.  Pierce,
113 S.W.3d at 436 (citing Scamardo v.
State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).  If the State’s proof is sufficient to prove
any one of the alleged community supervision violations, the revocation should
be affirmed.  T.R.S., 115 S.W.3d at 321 (citing Stevens v. State, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995,
pet. ref’d)).

            While
the record contained Douthitt’s clear admission of methamphetamine use during
her community supervision, the initial reporter’s record received by this Court
did not include the terms of Douthitt’s community supervision.  Based on this omission, Douthitt argued “as
the terms and conditions of the Appellant’s probation do not appear in the
record, there is no evidence to show what the terms were.  Therefore, there is no evidence to demonstrate
that Appellant violated the same.”  A
supplemental reporter’s record clarifies that condition two of Douthitt’s
community supervision mandated that she “[a]void injurious or vicious habits
(including the abuse of narcotic or habit forming drugs and alcoholic
beverages).”  Because this condition of
Douthitt’s community supervision is contained within the record, and Douthitt
testified that she violated those terms in October 2009, we conclude the
evidence was legally and factually sufficient for the trial court to proceed to
adjudication of Douthitt’s guilt on the underlying offenses.  We overrule this point of error.  

II.        Challenge to
Admissibility of One of the Two Out-of-Court Statements

            In
four points of error, Douthitt challenges the admissibility of the December
written statement signed by her in which she admits one incident of the use of
methamphetamine while on community supervision. 
The bases of her challenge are:  (1)
that the trial court failed to hold a hearing to determine the voluntariness of
the statement before it was admitted into evidence; (2) that the statement
was obtained in violation of Sections 2 and 6 of Article 38.22 of the Texas
Code of Criminal Procedure; (3) that the mandatory prerequisite Miranda[1]
warning was not provided Douthitt before the statement was given; and (4) that
the statement was obtained in violation of the Fifth and Fourteenth Amendments
to the United States Constitution. 

            In
the hearing on the motion to impose sentence, after Douthitt authenticated the
document of which she now complains, her counsel objected to admission of the
December written statement “in that she says she was in fear whenever -- at the
time that she was required -- requested to sign that.”  

            Douthitt
cites Article 38.22 of the Texas Code of Criminal Procedure and related cases,
which require that a statement made by an accused as a result of custodial
interrogation be knowingly and voluntarily made.  Tex.
Code Crim. Proc. Ann. art. 38.22, § 2(b) (Vernon 2005).  However, statements made to community
supervision officers while not under arrest are not generally subject to the
requirements of Article 38.22.  Bustamante v. State, 493 S.W.2d 921, 922
(Tex. Crim. App. 1973); Kirven v. State,
492 S.W.2d 468, 469 (Tex. Crim. App. 1973) (interview with community
supervision officer not custodial); Cunningham
v. State, 488 S.W.2d 117, 120 (Tex. Crim. App. 1972); Holmes v. State, 752 S.W.2d 700, 700–01 (Tex. App.––Waco 1988, no
pet.). 

            A
person is in custody when, “under the circumstances, a reasonable person would
believe that his freedom of movement was restrained to the degree associated
with a formal arrest.” Herrera v. State,
241 S.W.3d 520, 525 (Tex. Crim. App. 2007) (quoting Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996)).  The Texas Court of Criminal Appeals has
identified four general situations that may constitute custody:  (1) when the person is physically deprived of
his freedom of action in any significant way; (2) when a law enforcement
officer tells the suspect that he cannot leave; (3) when law enforcement
officers create a situation that would lead a reasonable person to believe that
his freedom of movement has been significantly restricted; and (4) when there
is probable cause to arrest and law enforcement officers do not tell the
suspect that he is free to leave.  Dowthitt, 931 S.W.2d at 255.  

            Although
Douthitt stated that she was impelled to sign the statement because community
supervision officers “scared me to sign. 
If I didn’t, then I would go to prison for nine to ten years,” there is
no evidence she was physically deprived of freedom, was told she could not
leave, or that a reasonable person would not believe they were free to leave
under these circumstances.  Thus, the
record does not indicate that Douthitt was the subject of custodial
interrogation when she signed the written December statement.  Accordingly, Article 38.22 and the caselaw
cited by Douthitt neither applied nor prohibited the trial court’s
consideration of this statement.  Tex. Code Crim. Proc. Ann. art. 38.22,
§ 5 (Vernon 2005) (“Nothing in this article precludes the admission of a
statement made by the accused . . . that does not stem from custodial
interrogation . . . .”).  Even if one
were to assume that the trial court erred in admitting the December written
statement, Douthitt would be unable to establish harm since the ground of
violation in October (which Douthitt admitted was true) was amply sufficient
for the trial court to proceed to adjudication. 
See Holmes, 752 S.W.2d at
701.  Therefore, we overrule Douthitt’s
points of error related to the admission of the December written
statement.  

III.       Douthitt Waived Alleged
Vagueness of Community Supervision Condition

            Douthitt
acknowledged her receipt and understanding of the community supervision terms
in writing.  She also testified that she
was aware that smoking methamphetamine was a violation of condition two of her
community supervision.  Nevertheless, she
argues for the first time on appeal that condition two of the terms of her community
supervision was vague and ambiguous.  

            An award of community
supervision is a contractual privilege entered into between a court and
defendant.  Speth v. State, 6
S.W.3d 530, 534 (Tex. Crim. App. 1999). 
A trial court has broad discretion in determining the conditions of the
supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, § 11 (Vernon Supp. 2009).  “The judge may impose any reasonable
condition that is designed to protect or restore the community, protect or
restore the victim, or punish, rehabilitate, or reform the defendant.”  Speth, 6 S.W.3d at 533.  Conditions of community supervision not
objected to are affirmatively accepted as terms of the contract.  Id. at 534.  It is well-settled that a defendant cannot
allege that a condition of community supervision is vague for the first time on
appeal.  Id. at 535; Heiringhoff
v. State, 130 S.W.3d 117,
133–34 (Tex. App.—El Paso 2003, no pet.); Margoitta v. State, 10 S.W.3d 416, 418 (Tex.
App.—Waco 2000, no pet.).  

            Because
there is nothing in the record suggesting Douthitt objected to this condition
when it was imposed in 2008, we conclude that she failed to preserve error on
this point of error.  It is overruled.    

IV.       Douthitt Did Not Receive
Ineffective Assistance

            Douthitt
contends her counsel was ineffective because he allowed her to plead true to
violating the community supervision condition, failed to object to the October
statement admitting the same, and failed to request a hearing on the
voluntariness of the December statement. 
We start with the rule that any allegation of ineffectiveness must be
firmly founded in the record.  Wallace v. State, 75 S.W.3d 576, 589
(Tex. App.—Texarkana 2002), aff’d,
106 S.W.3d 103 (Tex. Crim. App. 2003); Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  From the record received by this Court, which
does not include counsel’s reasons for the alleged failures, Douthitt bears the
burden of proving that counsel was ineffective by a preponderance of the
evidence.  Goodspeed, 187 S.W.3d at 392; Thompson,
9 S.W.3d at 813; Cannon v. State, 668
S.W.2d 401, 403 (Tex. Crim. App. 1984). 
We apply the two-pronged Strickland
test handed down by the United States Supreme Court to determine whether
Douthitt received ineffective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668 (1984). 
Failure to satisfy either prong of the Strickland test is fatal.  Ex parte Martinez, 195 S.W.3d 713, 730
n.14 (Tex. Crim. App. 2006).  

            First,
Douthitt must show counsel’s performance fell below an objective standard of
reasonableness when considering prevailing professional norms.  Strickland,
466 U.S. at 687–88.  There is a strong
presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance and that the challenged action could be considered
sound trial strategy.  Strickland, 466 U.S. at 689; Ex parte White, 160 S.W.3d 46, 51 (Tex.
Crim. App. 2004); Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000). 
Therefore, we will not second guess the strategy of Douthitt’s counsel
at trial through hindsight.  Blott v. State, 588 S.W.2d 588, 592
(Tex. Crim. App. 1979); Hall v. State,
161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref’d).  In this case, since the record is silent as
to why counsel failed to make an objection or take certain actions, we will
assume it was due to any strategic motivation that can be imagined.  Mata v.
State, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Fox v. State, 175 S.W.3d 475, 485–86
(Tex. App.—Texarkana 2005, pet. ref’d). 

            To
meet the second prong of the Strickland
test, Douthitt must show that the deficient performance damaged her defense
such that there is a reasonable probability that the result of the adjudication
proceeding would have been different.  Strickland, 466 U.S. at 687; Tong, 25 S.W.3d at 712.  A reasonable probability “is a probability sufficient
to undermine confidence in the outcome.” 
Mitchell v. State, 68 S.W.3d
640, 642 (Tex. Crim. App. 2002).

            When
challenging a plea based on ineffective assistance of counsel, an appellant
must prove that counsel’s advice was not within the range of competence
demanded of attorneys in criminal cases. 
Ex parte Pool, 738 S.W.2d 285,
286 (Tex. Crim. App. 1987).  “[The] [e]ssential
requisite in attacking a plea . . . on the ground of ineffective assistance of
counsel is showing that the plea of guilty was unknowingly and involuntarily
entered.”  Ex parte Adams, 707 S.W.2d 646, 648 (Tex. Crim. App. 1986).  First, there is nothing in the record
suggesting that Douthitt pled true to the October violation based on counsel’s
suggestion, as opposed to her own voluntary will.  Douthitt had already signed both the October
and December statements prior to his appointment to the case.  

            Even
had counsel advised the plea of true, absent a record of counsel’s trial strategy,
we conclude such advice would be within the range of competence considering the
facts.  Counsel could have suggested such
a plea in an effort to secure a more lenient sentence from the court, including
a possibility that the court would not adjudicate her guilt and continue her on
community supervision.[2]  So far as the second Strickland prong, the record does not support (and Douthitt does
not argue) that but for counsel’s alleged errors, she would not have pled true
to the October violation, or that the outcome of the proceeding would have been
different.  

            Next,
Douthitt contends that counsel should have objected to the October written
statement because it was admitted “with no predicate being laid thereon.”  The record demonstrates that Douthitt
testified this exhibit was signed by her, and there was no legitimate challenge
to the document’s authenticity.[3]  Therefore, because counsel was not required
to object when no proper grounds for objection existed, Douthitt cannot
demonstrate that counsel’s performance fell below an objective standard of
reasonableness when considering prevailing professional norms.  Further, even if the October statement were
not admitted, Douthitt testified at the hearing that she had violated the terms
of her community supervision.  Thus, the
second Strickland prong cannot be met
because there was not reasonable probability that the result of the proceeding
would have been different. 

            Finally,
we have already decided that Article 38.22 of the Texas Code of Criminal Procedure
did not apply to the December noncustodial written statement given by Douthitt
to her community supervision officers. 
Thus, counsel was not required to seek an Article 38.22 voluntariness
hearing with respect to admission of this exhibit.  Again, even assuming deficient performance,
Douthitt would be unable to meet Strickland’s second prong.  

            We
find counsel’s performance effective and overrule Douthitt’s last point of
error.  

V.        Conclusion

            We
affirm the trial court’s judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          June 14, 2010

Date Decided:             June 21, 2010

 

Do Not Publish

 











[1]Miranda v. Arizona, 384 U.S. 436 (1990).





[2]In
fact, this appears to be counsel’s strategy, since Douthitt repeatedly asked
the court for “another chance” and told the court she was sorry.  

 





[3]Further,
the State made clear that community supervision officer Renee Hughes was
available to testify to the authenticity of the October and December written
statements, if necessary.