## Asher v. Asher.

(Decided May 1, 1928.)

### Appeal from Bell Circuit Court.

1. Evidence.—Testimony of husband's mother as to matters disclosed to her by husband concerning wife and conversations rel-

ative to same matters between witnesses and wife's mother, held incompetent to establish cause of action for divorce from wife.

2 Divorce.—Grounds for divorce cannot be established by proving what parties themselves have said about the grounds alleged.

3. Divorce.—Court of Appeals has no jurisdiction of question whether proof authorized divorce, and cannot review chancellor's judgment denying husband a divorce.

4. Divorce.—On appeal from judgment awarding alimony and attorney's fees to wife, Court of Appeals should consider only the competent evidence of record.

N. R. PATTERSON for appellant.

DAVIS & HARRISON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant is a young man of good family and good character. The appellee is a young lady of good family and good character. Appellant came home from school for his Christmas vacation in the year 1923. While he was at home, he and the appellee went over into Tennessee, where they were married. They returned to the city of Pineville, where a comfortable home was provided for them. The parents of each showed every kindness and consideration towards them. For a few months everything apparently went well. The health of both commenced to fail and that of appellee became so impaired by her illness that appellant induced her to return to the home of her parents, where she could have the care and attention of her mother. She returned home reluctantly. While she was at the home of her parents, the appellant visited her three times in the course of a few months, and on the last occasion they parted most affectionately, but he did not return again. For reasons best known to himself, he appears, from the evidence, to have decided that he would abandon appellee. When this knowledge was brought home to appellee, she instituted suit against him to recover alimony, on the ground that he had deserted her without fault on her part.

In his answer he denied that he abandoned her, but on this point the evidence is against him. She had alleged in her petition that he had shamefully and cruelly mistreated and neglected her, but she is not sustained on this point other than by the proof that he abandoned her. In a second paragraph of his answer he admits his separa-

tion from appellee, and alleged that it was for a good and sufficient cause, which would more fully appear if he was forced to disclose it. But he was most careful to state in his answer that it was not his intentioin to charge any moral delinquency on her part.

Later he filed an amended answer and cross-petition, in which he made certain allegations which he alleged entitled him to a divorce from his wife on the ground that she had abandoned him. This was denied by reply.

The evidence which appellant adduced tending to establish his cause of action for divorce consisted almost exclusively in proving by his mother things which he had disclosed to her. This, of course, was incompetent. Further proof of the same nature were conversations detailed by his mother testifying as a witness for him which she had with the mother of appellee. These conversations were likewise incompetent. The mother of appellant also testified that appellee had made certain statements to her which, if true, tended to support the ground of divorce alleged in the counterclaim. Without determining whether such evidence was competent, it is sufficient to say that the mother of appellee testified to things that appellee had stated to her which were in direct opposition to things testified about by the mother of appellant. The mother of appellee also testified about conversations she had with the appellant, in which he made admissions against his contention that he was entitled to a divorce. Grounds for a divorce cannot be established in cases such as this by proving what the parties themselves have said about the grounds alleged.

There was no proof which authorized the chancellor to award appellant a divorce, but we have no jurisdiction of that question, and do not have power to review the judgment.

The appellant is complaining that the amount of alimony which was allowed is too large, and that the attorney fee is excessive. The lower court made a lump sum allowance of $1,750 to appellee as alimony. Considering alone the competent evidence of the record, which is all that we should consider in this case, it does not appear to us that the award of the chancellor was too much. The attorney fee of $250 which was allowed was not unreasonably high, although it was liberal.

On the whole case, we have reached the conclusion that the judgment of the chancellor awarding alimony and allowing attorney's fee should be affirmed.

Judgment affirmed.