Francisco Ramos **BUSTAMANTE,**
Appellant,

v.

**The STATE of Texas, Appellee.**

No. 46806.

Court of Criminal Appeals of Texas.

May 9, 1973.

Abel Toscano, Jr., Harlingen, for appellant.

Fred Galindo, Dist. Atty., and Menton Murray, Jr. Asst. Dist. Atty., Brownsville,

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

On August 27, 1971, appellant was found guilty, on his plea of guilty, of unlawful possession of marihuana, a narcotic drug, and assessed a punishment of two (2) years probated under the provisions of Article 42.12, Vernon's Ann.C.C.P. One probationary condition imposed by the court was that the appellant "(g) Remain in Cameron County, Texas unless the permission of the probation officer has been obtained to leave."

On December 7, 1971, the State filed a motion to revoke the probation, and thereafter filed an amended motion, in which violations of Section (g), supra, were alleged as follows:

"That on or about the 18th day of October, 1971, the said Defendant left Cameron County, Texas, without the permission of the Probation Officer and went into Matamoros, Tamps., Mexico.

"That on or about the 10th day of February, 1972 the said Francisco Ramos Bustamante was outside Cameron County without permission of the probation office and was residing in Monterrey, Nuevo Leon, Mexico."

Following a hearing had on June 21, 1972, the court found that appellant had violated the above specified condition on two occasions, revoked the order of probation, and imposed sentence.

On appeal, the appellant contends that the court abused its discretion in revoking probation, in that the legally admissible evidence was insufficient to warrant the revocation. In his argument, appellant specifically contends error in the court's rul-

ing on objections to evidence used by the State to prove the alleged violations.

The only witness on the trial was Melvin L. McMurtry, a probation officer for Cameron County. In connection with the alleged violation of October 18, 1971, McMurtry was testifying on a conversation he had with appellant, when the following colloquy occurred:

"Q And what was his reason for being in the office?

"A He had skipped school on that day and I called him at his home and talked to him over the telephone. And I asked him to come to the office, which he did.

"Q All right. When he was in the office did he state anything to you in connection with this incident involving Matamoros?

"A Yes, sir.

"MR. GARCIA: We want to object again. He testified on voir dire that he did not warn the man that he was going to use this against him to revoke his probation, which is mandatory under the Miranda decision.

"THE COURT: I don't think it is mandatory. He wasn't under arrest.

"MR. GARCIA: This is what they are using to revoke his probation. Anything that he said at that time is not admissible.

"THE COURT: Objection overruled.

"Q BY MR. MURRAY: State, please, sir, what he told you with reference to this October 18th incident.

"A The defendant stated he was arrested in Matamoros for possession of marijuana sometime between the time he was placed on probation in August and October 18th. He had

gone to Matamoros without permission from our office; that his mother had paid $280.00 to an attorney to get him out.

"Q Out of the jail over there in Matamoros?

"A Yes, sir.

"Q You say your office had not given him permission to go into Matamoros?

"A That is correct.

"Q When you say 'Matamoros,' you are, of course, referring to Matamoros, Tamaulipas, Mexico, right across the river from Brownsville?

"A Yes, sir."

■ Appellant contends that his oral statements to the probation officer were inadmissible because they were obtained in violation of Article 38.22, V.A.C.C.P. and "he was not given the warnings as required by the Miranda decisions." In support of his arguments, appellant cites many cases involving statements made by parties who were at the time in custody.

In Cunningham v. State, Tex.Cr.App., 488 S.W.2d 117, this Court, speaking through Presiding Judge Onion, fully discussed the very contentions raised by appellant. In Cunningham, the alleged violation of the probation order was proved by oral statements made to the probation officer by appellant during an interview "for monthly reports." The court held that this was not an in-custody interview, and said: "We cannot agree that the testimony relating to the interview in the probation office, under the circumstances described, was barred by *Miranda* as claimed by the appellant. Most courts which have considered this or similar questions have also failed to find a *Miranda* violation." See also, Kirven v. State, Tex.Cr.App., 492 S.W.2d 468.

For the same reason, i. e., that appellant was not under arrest, Article 38.22, V.A. C.C.P., is not applicable.

The court properly overruled appellant's objections to the evidence quoted above.

The condition in the probation order was authorized under Article 42.12, Section 6, subd. g, V.A.C.C.P. Duck v. State, Tex. Cr.App., 427 S.W.2d 884; Carter v. State, Tex.Cr.App., 482 S.W.2d 875; Stanford v. State, Tex.Cr.App., 437 S.W.2d 870. Cf. McDonald v. State, Tex.Cr.App., 442 S.W. 2d 386.

The court did not abuse its discretion in revoking the probation for the first violation alleged in the amended motion.

It, therefore, becomes unnecessary for us to consider whether the court properly admitted certain evidence offered by the State as proof of the second violation alleged.

The judgment is affirmed.

Opinion approved by the Court.