In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00015-CR


______________________________




MICHAEL TIMOTHY WAXLER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 05-0412X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION 



 After hearing evidence and testimony regarding the State's motion to revoke, the trial court
found "true" the allegations that Michael Timothy Waxler violated the terms of his community
supervision agreement and revoked his community supervision for the crime of failing to register
as a sex offender. See Tex. Code Crim. Proc. Ann. art. 62.002 (Vernon 2006). The trial court then
sentenced Waxler to seven years' imprisonment. Waxler now appeals, contending the trial court
erred by considering, as part of its decision to revoke community supervision, statements made by
Waxler to his community supervision officer during two office visits. We overrule this issue and
affirm the trial court's judgment.

 The  State  alleged  Waxler  violated  his  community  supervision  by  drinking  alcohol  on
August 29, 2007, and by babysitting several children on several occasions between August 22 and
August 25, 2007. Waxler's terms of community supervision prohibited him from, among other
things, consuming alcohol and being around young children. The only evidence that Waxler violated
his community supervision came from his supervision officer, John Spivey, who testified Waxler
had admitted to these violations during visits to Spivey's office September 7 and September 11 of
last year. Specifically, Spivey told the trial court Waxler had admitted having babysat the four young
children (ages one, three, four, and five) of Michael Semora (1) for more than a month. Waxler also
reportedly admitted drinking three beers at a birthday party held for Semora's one-year-old child. 
Spivey further testified that Waxler subsequently admitted knowing it was wrong for him to have
been around the juveniles. 

 Waxler's fifteen-year-old daughter testified that she babysat Semora's children on the dates
in question and that, during that time, her father was neither around the children nor physically
present inside the home with the children. The daughter also repeatedly denied that her father
attended the birthday party or consumed any beer. 

 Waxler cites Article 38.22 of the Texas Code of Criminal Procedure in support of his
argument. That statute requires that a statement made by an accused person as a result of custodial
interrogation is admissible in evidence against him or her in any criminal proceeding unless certain
admonishments are given to the accused. There is no contention that Waxler was warned of his
rights in accordance with Article 38.22. See Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005). 


 Statements made by probationers to their community supervision officers while not under
arrest are not subject to the requirements of Article 38.22. Bustamante v. State, 493 S.W.2d 921,
922 (Tex. Crim. App. 1973); Kirven v. State, 492 S.W.2d 468, 469 (Tex. Crim. App. 1973);
Cunningham v. State, 488 S.W.2d 117, 120 (Tex. Crim. App. 1972); Holmes v. State, 752 S.W.2d
700,  700-01  (Tex.  App.--Waco  1988,  no  pet.).  The  circumstances  surrounding  Waxler's
September 7 and 11 meetings with Spivey suggest Waxler was not under arrest or otherwise in state
custody at that time, nor can we glean any suggestion to the contrary from the record before us. (2) 
Accordingly, the strictures of Article 38.22 neither applied during Waxler's meetings with Spivey
nor prohibited the trial court's consideration of any statements made during these noncustodial
events.

 We overrule Waxler's sole point of error and affirm the trial court's judgment.




 Jack Carter

 Justice


Date Submitted: April 28, 2008

Date Decided: May 16, 2008


Do Not Publish



1. Semora is currently serving a probated sentence for burglary. 
2. "At trial, the defendant bears the initial burden of proving that a statement was the product
of 'custodial interrogation.'" Herrera v. State, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). The
record in this case shows Waxler brought forth no evidence that even begins to suggest the
conditions surrounding his meeting with Spivey created a custodial environment requiring Miranda
warnings or compliance with Article 38.22. See Tex. Code Crim. Proc. Ann. art. 38.22; Miranda
v. Arizona, 384 U.S. 436 (1966).