

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00015-CR

_____

MICHAEL TIMOTHY WAXLER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 05-0412X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After hearing evidence and testimony regarding the State's motion to revoke, the trial court found "true" the allegations that Michael Timothy Waxler violated the terms of his community supervision agreement and revoked his community supervision for the crime of failing to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.002 (Vernon 2006). The trial court then sentenced Waxler to seven years' imprisonment. Waxler now appeals, contending the trial court erred by considering, as part of its decision to revoke community supervision, statements made by Waxler to his community supervision officer during two office visits. We overrule this issue and affirm the trial court's judgment.

The State alleged Waxler violated his community supervision by drinking alcohol on August 29, 2007, and by babysitting several children on several occasions between August 22 and August 25, 2007. Waxler's terms of community supervision prohibited him from, among other things, consuming alcohol and being around young children. The only evidence that Waxler violated his community supervision came from his supervision officer, John Spivey, who testified Waxler had admitted to these violations during visits to Spivey's office September 7 and September 11 of last year. Specifically, Spivey told the trial court Waxler had admitted having babysat the four young children (ages one, three, four, and five) of Michael Semora[1] for more than a month. Waxler also reportedly admitted drinking three beers at a birthday party held for Semora's one-year-old child.

---

[1]Semora is currently serving a probated sentence for burglary.

Spivey further testified that Waxler subsequently admitted knowing it was wrong for him to have been around the juveniles.

Waxler's fifteen-year-old daughter testified that she babysat Semora's children on the dates in question and that, during that time, her father was neither around the children nor physically present inside the home with the children. The daughter also repeatedly denied that her father attended the birthday party or consumed any beer.

Waxler cites Article 38.22 of the Texas Code of Criminal Procedure in support of his argument. That statute requires that a statement made by an accused person as a result of custodial interrogation is admissible in evidence against him or her in any criminal proceeding unless certain admonishments are given to the accused. There is no contention that Waxler was warned of his rights in accordance with Article 38.22. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2005).

Statements made by probationers to their community supervision officers while not under arrest are not subject to the requirements of Article 38.22. *Bustamante v. State*, 493 S.W.2d 921, 922 (Tex. Crim. App. 1973); *Kirven v. State*, 492 S.W.2d 468, 469 (Tex. Crim. App. 1973); *Cunningham v. State*, 488 S.W.2d 117, 120 (Tex. Crim. App. 1972); *Holmes v. State*, 752 S.W.2d 700, 700–01 (Tex. App.—Waco 1988, no pet.). The circumstances surrounding Waxler's September 7 and 11 meetings with Spivey suggest Waxler was not under arrest or otherwise in state custody at that time, nor can we glean any suggestion to the contrary from the record before us.[2]

_____

[2]"At trial, the defendant bears the initial burden of proving that a statement was the product of 'custodial interrogation.'" *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). The

Accordingly, the strictures of Article 38.22 neither applied during Waxler's meetings with Spivey nor prohibited the trial court's consideration of any statements made during these noncustodial events.

We overrule Waxler's sole point of error and affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     April 28, 2008
Date Decided:       May 16, 2008

Do Not Publish

---

record in this case shows Waxler brought forth no evidence that even begins to suggest the conditions surrounding his meeting with Spivey created a custodial environment requiring *Miranda* warnings or compliance with Article 38.22. *See* Tex. Code Crim. Proc. Ann. art. 38.22; *Miranda v. Arizona*, 384 U.S. 436 (1966).