

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00024-CR

_____

KAY ANGELA DOUTHITT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 22230

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Based on Kay Angela Douthitt's December 9, 2008, plea of guilty to one count of possession of methamphetamine with intent to deliver, and another count of delivery of methamphetamine (both in amounts of more than four, but less than two hundred grams), her adjudication of guilt was deferred and she was placed on community supervision for ten years. On December 21, 2009, the State moved to proceed with an adjudication of guilt on the allegation that she had admitted to the use of methamphetamine in violation of the terms of her community supervision. Her guilt was adjudicated on both counts January 14, 2010, and she was sentenced to fifteen years' incarceration on both counts, to be served concurrently. On her appeal from this, Douthitt alleges: (1) that the evidence was legally and factually insufficient to support the trial court's decision to adjudicate guilt; (2) that the condition of community supervision that she refrain from "injurious or vicious habits" was vague and ambiguous; (3) that the trial court erred in several respects in its refusal to exclude a December 18, 2009, written statement in which Douthitt admitted violating a term of community supervision by using methamphetamine; and (4) that her counsel rendered ineffective assistance. We will affirm the trial court's judgment.

## I. Legally and Factually Sufficient Evidence Supported the Trial Court's Judgment

Douthitt signed two statements, one on October 13, 2009, and another on December 18, 2009, stating she used methamphetamine while on community supervision. Based on these

2

written statements, the State filed a motion to adjudicate guilt on the underlying offenses. In open court, Douthitt admitted she used methamphetamine on or about October 9:

> The Court: The allegations in the Motion? The allegations are that you violated Condition Two, that you used methamphetamine on or about October 9, 2009?
>
> [Douthitt]: Yes, sir, that one is true. That one is true. And I know I do have a problem.

However, while not challenging the veracity of the October 13 statement, Douthitt recanted the admission of drug use contained in her December written statement, saying that it was false; she explained that her sole reason for signing it was because of fear to do otherwise.

The determination of an adjudication of guilt is reviewable in the same manner as that used to determine whether sufficient evidence supported the trial court's decision to revoke community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2009). While the decision to revoke community supervision rests within the discretion of the trial court, it is not absolute. *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). To revoke community supervision, the State must prove every element of at least one ground for revocation by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 10 (Vernon Supp. 2009); *T.R.S.*, 115 S.W.3d at 320; *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.). "'Preponderance of the evidence' has been defined as the greater weight and degree of credible testimony." *T.R.S.*, 115 S.W.3d at 320. In other words, if the greater weight of credible evidence in this case created a reasonable belief that Douthitt violated a

3

condition of community supervision, the standard was met. *Id.* at 321 (citing *Martin v. State*, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel Op.] 1981)).

In a revocation hearing, the trial judge is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to the testimony. *T.R.S.*, 115 S.W.3d at 321; *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.); *Johnson*, 943 S.W.2d at 85. Considering the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing factual sufficiency do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Id.* (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)); *see T.R.S.*, 115 S.W.3d at 321. Thus, if the greater weight of credible evidence creates a reasonable belief a defendant has violated a condition of his community supervision, the trial court's determination to revoke is not an abuse of discretion and its order of revocation must be upheld. *Pierce*, 113 S.W.3d at 436 (citing *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). If the State's proof is sufficient to prove any one of the alleged community supervision violations, the revocation should be affirmed. *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

4

While the record contained Douthitt's clear admission of methamphetamine use during her community supervision, the initial reporter's record received by this Court did not include the terms of Douthitt's community supervision. Based on this omission, Douthitt argued "as the terms and conditions of the Appellant's probation do not appear in the record, there is no evidence to show what the terms were. Therefore, there is no evidence to demonstrate that Appellant violated the same." A supplemental reporter's record clarifies that condition two of Douthitt's community supervision mandated that she "[a]void injurious or vicious habits (including the abuse of narcotic or habit forming drugs and alcoholic beverages)." Because this condition of Douthitt's community supervision is contained within the record, and Douthitt testified that she violated those terms in October 2009, we conclude the evidence was legally and factually sufficient for the trial court to proceed to adjudication of Douthitt's guilt on the underlying offenses. We overrule this point of error.

## II.    Challenge to Admissibility of One of the Two Out-of-Court Statements

In four points of error, Douthitt challenges the admissibility of the December written statement signed by her in which she admits one incident of the use of methamphetamine while on community supervision. The bases of her challenge are: (1) that the trial court failed to hold a hearing to determine the voluntariness of the statement before it was admitted into evidence; (2) that the statement was obtained in violation of Sections 2 and 6 of Article 38.22 of the Texas

Code of Criminal Procedure; (3) that the mandatory prerequisite *Miranda*[1] warning was not provided Douthitt before the statement was given; and (4) that the statement was obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

In the hearing on the motion to impose sentence, after Douthitt authenticated the document of which she now complains, her counsel objected to admission of the December written statement "in that she says she was in fear whenever -- at the time that she was required -- requested to sign that."

Douthitt cites Article 38.22 of the Texas Code of Criminal Procedure and related cases, which require that a statement made by an accused as a result of custodial interrogation be knowingly and voluntarily made. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(b) (Vernon 2005). However, statements made to community supervision officers while not under arrest are not generally subject to the requirements of Article 38.22. *Bustamante v. State*, 493 S.W.2d 921, 922 (Tex. Crim. App. 1973); *Kirven v. State*, 492 S.W.2d 468, 469 (Tex. Crim. App. 1973) (interview with community supervision officer not custodial); *Cunningham v. State*, 488 S.W.2d 117, 120 (Tex. Crim. App. 1972); *Holmes v. State*, 752 S.W.2d 700, 700–01 (Tex. App.—Waco 1988, no pet.).

A person is in custody when, "under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Herrera v. State*, 241 S.W.3d 520, 525 (Tex. Crim. App. 2007) (quoting *Dowthitt v. State*, 931

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1990).

S.W.2d 244, 254 (Tex. Crim. App. 1996)). The Texas Court of Criminal Appeals has identified four general situations that may constitute custody: (1) when the person is physically deprived of his freedom of action in any significant way; (2) when a law enforcement officer tells the suspect that he cannot leave; (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave. *Dowthitt*, 931 S.W.2d at 255.

Although Douthitt stated that she was impelled to sign the statement because community supervision officers "scared me to sign. If I didn't, then I would go to prison for nine to ten years," there is no evidence she was physically deprived of freedom, was told she could not leave, or that a reasonable person would not believe they were free to leave under these circumstances. Thus, the record does not indicate that Douthitt was the subject of custodial interrogation when she signed the written December statement. Accordingly, Article 38.22 and the caselaw cited by Douthitt neither applied nor prohibited the trial court's consideration of this statement. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5 (Vernon 2005) ("Nothing in this article precludes the admission of a statement made by the accused . . . that does not stem from custodial interrogation . . . ."). Even if one were to assume that the trial court erred in admitting the December written statement, Douthitt would be unable to establish harm since the ground of violation in October (which Douthitt admitted was true) was amply sufficient for the trial court to proceed to

adjudication.  *See Holmes*, 752 S.W.2d at 701.   Therefore, we overrule Douthitt's points of error related to the admission of the December written statement.

**III.    Douthitt Waived Alleged Vagueness of Community Supervision Condition**

Douthitt acknowledged her receipt and understanding of the community supervision terms in writing.   She also testified that she was aware that smoking methamphetamine was a violation of condition two of her community supervision.   Nevertheless, she argues for the first time on appeal that condition two of the terms of her community supervision was vague and ambiguous.

An award of community supervision is a contractual privilege entered into between a court and defendant.  *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999).   A trial court has broad discretion in determining the conditions of the supervision.   TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (Vernon Supp. 2009).   "The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant."  *Speth*, 6 S.W.3d at 533.   Conditions of community supervision not objected to are affirmatively accepted as terms of the contract.  *Id.* at 534.   It is well-settled that a defendant cannot allege that a condition of community supervision is vague for the first time on appeal.  *Id.* at 535; *Heiringhoff v. State*, 130 S.W.3d 117, 133–34 (Tex. App.—El Paso 2003, no pet.); *Margoitta v. State*, 10 S.W.3d 416, 418 (Tex. App.—Waco 2000, no pet.).

8

Because there is nothing in the record suggesting Douthitt objected to this condition when it was imposed in 2008, we conclude that she failed to preserve error on this point of error. It is overruled.

## IV. Douthitt Did Not Receive Ineffective Assistance

Douthitt contends her counsel was ineffective because he allowed her to plead true to violating the community supervision condition, failed to object to the October statement admitting the same, and failed to request a hearing on the voluntariness of the December statement. We start with the rule that any allegation of ineffectiveness must be firmly founded in the record. *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). From the record received by this Court, which does not include counsel's reasons for the alleged failures, Douthitt bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). We apply the two-pronged *Strickland* test handed down by the United States Supreme Court to determine whether Douthitt received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).

First, Douthitt must show counsel's performance fell below an objective standard of reasonableness when considering prevailing professional norms. *Strickland*, 466 U.S. at 687–88. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, we will not second guess the strategy of Douthitt's counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd). In this case, since the record is silent as to why counsel failed to make an objection or take certain actions, we will assume it was due to any strategic motivation that can be imagined. *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *Fox v. State*, 175 S.W.3d 475, 485–86 (Tex. App.—Texarkana 2005, pet. ref'd).

To meet the second prong of the *Strickland* test, Douthitt must show that the deficient performance damaged her defense such that there is a reasonable probability that the result of the adjudication proceeding would have been different. *Strickland*, 466 U.S. at 687; *Tong*, 25 S.W.3d at 712. A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

10

When challenging a plea based on ineffective assistance of counsel, an appellant must prove that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987). "[The] [e]ssential requisite in attacking a plea . . . on the ground of ineffective assistance of counsel is showing that the plea of guilty was unknowingly and involuntarily entered." *Ex parte Adams*, 707 S.W.2d 646, 648 (Tex. Crim. App. 1986). First, there is nothing in the record suggesting that Douthitt pled true to the October violation based on counsel's suggestion, as opposed to her own voluntary will. Douthitt had already signed both the October and December statements prior to his appointment to the case.

Even had counsel advised the plea of true, absent a record of counsel's trial strategy, we conclude such advice would be within the range of competence considering the facts. Counsel could have suggested such a plea in an effort to secure a more lenient sentence from the court, including a possibility that the court would not adjudicate her guilt and continue her on community supervision.[2] So far as the second *Strickland* prong, the record does not support (and Douthitt does not argue) that but for counsel's alleged errors, she would not have pled true to the October violation, or that the outcome of the proceeding would have been different.

Next, Douthitt contends that counsel should have objected to the October written statement because it was admitted "with no predicate being laid thereon." The record demonstrates that

---

[2]In fact, this appears to be counsel's strategy, since Douthitt repeatedly asked the court for "another chance" and told the court she was sorry.

Douthitt testified this exhibit was signed by her, and there was no legitimate challenge to the document's authenticity.[3]   Therefore, because counsel was not required to object when no proper grounds for objection existed, Douthitt cannot demonstrate that counsel's performance fell below an objective standard of reasonableness when considering prevailing professional norms. Further, even if the October statement were not admitted, Douthitt testified at the hearing that she had violated the terms of her community supervision.   Thus, the second *Strickland* prong cannot be met because there was not reasonable probability that the result of the proceeding would have been different.

Finally, we have already decided that Article 38.22 of the Texas Code of Criminal Procedure did not apply to the December noncustodial written statement given by Douthitt to her community supervision officers.   Thus, counsel was not required to seek an Article 38.22 voluntariness hearing with respect to admission of this exhibit.   Again, even assuming deficient performance, Douthitt would be unable to meet *Strickland*'s second prong.

We find counsel's performance effective and overrule Douthitt's last point of error.

---

[3]Further, the State made clear that community supervision officer Renee Hughes was available to testify to the authenticity of the October and December written statements, if necessary.

## V. Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     June 14, 2010
Date Decided:       June 21, 2010

Do Not Publish