NO. 07-12-0077-CR
NO. 07-12-0083-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 13, 2012

_____

FARON RUSSELL LOCKHART,

Appellant

V.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NOS. 2740 & 2741; HONORABLE STUART MESSER, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Faron Russell Lockhart, was convicted of aggravated assault with a deadly weapon and deadly conduct in 2009. However, he was placed on probation for ten years for each offense. On September 22, 2011, the State moved to revoke that probation because he violated its conditions by using methamphetamine. The court found the allegation to be true, revoked appellant's probation, and sentenced him to ten years confinement in each cause. He now seeks to overturn those judgments by contending that 1) the trial court erred in

admitting his confession because it failed to comport with art. 38.22 § 3 of the Code of Criminal Procedure, and 2) the evidence was insufficient to show that he received notice of the conditions of his probation. We affirm the judgments.

*Issue 1 – Confession*

Regarding the confession issue, he contends that it was inadmissible because it failed to comply with art. 38.22 § 3 of the Code of Criminal Procedure. The latter mandates that both written and oral statements made as a result of custodial interrogation must satisfy various requirements to be admissible. None of those requirements were allegedly met here. We overrule the issue.

The purported statements involved appellant's admission that he ingested methamphetamine after being placed on probation. The admissions were made to his probation officer who had directed him to provide a urine sample. Appellant had been directed to appear at the local jail to undergo testing. Upon arriving at same, his initial effort to urinate was unsuccessful, so he remained there until he could comply with the request. He never did, however. Instead, after supposedly trying to urinate for two hours, appellant met his probation officer in a hallway and admitted to taking methamphetamine. Thereafter, the probation officer asked about its frequency of use. Eventually, appellant executed a written document reiterating what he had told the probation officer.

As previously stated, art. 38.22 regulates the use of statements garnered during custodial interrogations. Statements made to a probation officer during required reporting are not generally subject to that article. *Bustamante v. State,* 493 S.W.2d 921, 922 (Tex. Crim. App. 1973); *Holmes v. State,* 752 S.W.2d 700, 700-01 (Tex.

2

App.–Waco 1988, no pet.) (holding that statements made by the defendant to his probation officer that he had been drinking did not occur during custodial interrogation); *Waxler v. State,* No. 06-08-00015-CR, 2008 Tex. App. LEXIS 3552, at *3 (Tex. App.–Texarkana May 15, 2008, no pet.) (not designated for publication) (holding that statements made by probationers to community supervision officers while not under arrest are not subject to art. 38.22). The statements at bar could reasonably be construed as of that ilk.

Additionally, there is no evidence that the probation officer was acting on behalf of or in conjunction with law enforcement in investigating a crime. This is of import because authority indicates that it is only when a probation officer is investigating a crime that he must comply with art. 38.22. *See Huff v. State*, No. 12-10-00477-CR, 2011 Tex. App. LEXIS 5460, at *12 (Tex. App.–Fort Worth July 14, 2011, no pet.) (not designated for publication) (stating that the only time a probation officer is required to give art. 38.22 warnings is when police and the probation officer are investigating a criminal offense in tandem). The evidence at bar allowed the factfinder to conclude that the probation officer here was not investigating a crime but rather simply having appellant comply with the conditions of his probation.

Finally, the record fails to disclose that any questions of any kind were propounded to appellant while at the jail *and before* he admitted to his drug use. All that can be said from the record is that he had simply been directed to provide a urine sample for testing, which testing never actually occurred due to appellant's initial oral admission. No one has cited us to any authority holding that a demand for a urine

sample as part of one's probation constitutes the kind of interrogation contemplated by art. 38.22. Nor are we in a position to so hold given the record before us.

*Sufficiency of the Evidence*

In his next and final issue, appellant contends that due process required that he be notified about the conditions of his probation before the latter could be revoked for their violation. And, because allegedly no evidence illustrates that he was so notified, the trial court's decisions are wrong. We overrule the issue because a probation officer testified that she read them to appellant immediately after his initial convictions. That is some evidence upon which a factfinder could reasonably deduce, by a preponderance of the evidence, that appellant received the requisite notice.

Accordingly, the judgments are affirmed.

Brian Quinn
Chief Justice

Do not publish.