**Affirmed as Modified; Opinion Filed December 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01535-CR

**RODNEY WADE PARKER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80444-2013**

## OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

Appellant Rodney Wade Parker was charged with felony driving while intoxicated, and entered into a plea agreement with the State. He was sentenced to ten years' imprisonment in the Texas Department of Criminal Justice, which was suspended for five years of community supervision, and a $500 fine. The State subsequently filed a motion to revoke community supervision that contained twelve separate allegations. Appellant entered a plea of not true. The trial court found the first five allegations true, revoked appellant's community supervision, and sentenced him ten years' imprisonment and a $500 fine. In three issues, appellant argues that the trial court erred by admitting evidence of extraneous bad acts, article 38.22 applied to appellant's admissions to his probation officer regarding methamphetamine use, and the trial court abused its discretion by finding as true the fifth allegation in the State's motion to revoke. As modified, we affirm the trial court's judgment.

## BACKGROUND AND PROCEDURAL HISTORY

The first five allegations in the State's motion to revoke community supervision, which the trial court ultimately found to be true, read as follows:

> 1: that the defendant has used substances prohibited by the Texas Controlled Substances Act, to-wit: the defendant admitted the use of methamphetamines on or about the 7th day of June 2013;
>
> 2: that the defendant has used substances prohibited by the Texas Controlled Substances Act, to-wit: the defendant admitted to the use of methamphetamines on or about the 8th day of June 2013;
>
> 3: that the defendant has used substances prohibited by the Texas Controlled Substances Act, to-wit: the defendant admitted to the use of methamphetamines on or about the 9th day of June 2013;
>
> 4: that the defendant has used substances prohibited by the Texas Controlled Substances Act, to-wit: the defendant admitted to the use of methamphetamines on or about the 10th day of June 2013;
>
> 5: that the defendant has failed to participate in and successfully complete the DWI/Drug Court Program and pay the $400.00 participation fee[.]

During the hearing on the State's motion, appellant's probation officer, Dione Adams, testified that appellant admitted to her, in an office visit that took place on June 18, 2013, that he used methamphetamine on June 7, 8, 9, and 10, 2013. Adams testified that appellant admitted the methamphetamine use both in her office and in drug court. She further testified that he failed to participate in and complete the DWI/Drug Court Program, and was kicked out of the program "[a]fter he failed to appear." The probation officer also testified that appellant did not pay the $400 participation fee. Adams testified that when appellant admitted using methamphetamine one weekend, they "talked at length at my office visit about him going into inpatient treatment," and that appellant "was given the referrals that Friday to go check himself into Homeward Bound so he would not have pay for it," but appellant "did not follow through with that." When appellant testified, he insisted that he only admitted using methamphetamine on Sunday, June 9, 2013—one of the dates of methamphetamine use alleged in the motion to revoke.

In addition, Adams also testified that appellant tested positive for alcohol on May 11, 2013 and May 15, 2013, and that on May 24, 2013, he tested positive for methamphetamine use. Appellant's trial counsel objected that these allegations did not "comport to the petition that's before the Court." The trial court overruled the objection, but noted that if the State failed to prove the violations alleged in the motion to revoke, "then it doesn't matter about all this other stuff." Following the hearing, the trial court found allegations one through five in the State's motion true and sentenced appellant to ten years in prison and a $500 fine.

## DISCUSSION

### *Extraneous Bad Acts*

In his first issue, appellant argues the trial court erred by admitting evidence regarding violations of the terms and conditions of his community supervision beyond those alleged in the State's motion to revoke. That evidence, according to appellant, was irrelevant and inadmissible under rule 404(b), and it "allowed the State to present to the Court an offense for which appellant was not prepared."

In a hearing on a motion to revoke probation, the State must prove every element of the ground asserted for revocation by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's order. *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.) (en banc). Proof of any one of the alleged violations is sufficient to support a revocation of community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Moore*, 11 S.W.3d at 498; *Lee*, 952 S.W.2d at 900. Our review of an order revoking community supervision is limited

to determining whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763.

The Texas Rules of Evidence provide that evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX. R. EVID. 401. Evidence of other crimes, wrongs, or bad acts is inadmissible, even if relevant, if it is offered to prove that the accused acted in conformity therewith. *Id*. 404(b).

The State correctly points out that probation revocation hearings are unitary proceedings, which means the decision of the trial court "is not fixed until it renders judgment on guilt and punishment after all the evidence and arguments have been heard." *Barfield v. State*, 63 S.W.3d 446, 451 (Tex. Crim. App. 2001) (citing *Jones v. State*, 797 S.W.2d 33, 34 (Tex. Crim. App. 1990)); *Kelly v. State*, No. 08–12–00291–CR, 2014 WL 3853872, at *3 (Tex. App.—El Paso Aug. 6, 2014, pet. filed) (not designated for publication). Furthermore, in a unitary proceeding, as in a punishment hearing, the parties may offer any evidence the court deems relevant to sentencing, including unadjudicated extraneous offenses and previous bad acts attributable to the defendant. *See Watson v. State*, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref'd); *Simonetti v. State*, No. 05–08–01568–CR, 2010 WL 2307101, at *2 (Tex. App.—Dallas June 10, 2010, pet ref'd) (mem. op., not designated for publication); *Pargas v. State*, No. 05–04–01682–CR, 2005 WL 2009567, at *5–6 (Tex. App.—Dallas Aug. 23, 2005, no pet.) (not designated for publication). This case is no different. The extraneous bad acts were not offered to prove the allegations in the motion to revoke. Indeed, when it overruled the defense's objection, the trial court reminded the State that if it failed to prove the violations alleged in the motion to revoke, the extraneous bad acts would be irrelevant. Appellant has not shown that the trial court abused its discretion by admitting the extraneous bad acts evidence.

Additionally, even if we were to conclude that the trial court erred by admitting the

complained-of evidence, appellant was not harmed. *See* TEX. R. APP. P. 44.2(b). The improper admission of evidence is non-constitutional error that an appellate court disregards unless the error affected an appellant's substantial rights. *Id*.; *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011); *Casey v. State*, 215 S.W.3d 870, 884–85 (Tex. Crim. App. 2007). We will not overturn a criminal conviction for non-constitutional error if, after examining the record as a whole, we have fair assurance that the error did not influence the jury, or influenced the jury only slightly. *Barshaw*, 342 S.W.3d at 93. Assuming the probation officer's testimony regarding violations of the terms of probation beyond those alleged in the motion to revoke was inadmissible, and that the trial court improperly relied on that evidence, there is evidence appellant used methamphetamine on the four dates alleged in the motion to revoke, and that he failed to participate in and complete the DWI/Drug Court Program. Appellant did not dispute that he used methamphetamine on one of the dates alleged in the motion. Any of these violations was sufficient to support the revocation of appellant's probation. *See Moore*, 605 S.W.2d at 926; *Moses*, 590 S.W.2d at 470; *Moore*, 11 S.W.3d at 498; *Lee*, 952 S.W.2d at 900. The trial court's decision to revoke appellant's community supervision was, therefore, proper. We overrule appellant's first issue.

### *Article 38.22*

In his second issue, appellant argues that the evidence is insufficient to support finding paragraphs one through four of the motion to revoke true because "the State failed to corroborate the admissions on which the State relied to prove a violation under article 38.22 of the code of criminal procedure." More specifically, he argues that the only evidence regarding his use of methamphetamine was the probation officer's testimony, but his statements to the probation officer were custodial "by definition" and should have been excluded under article 38.22 and *Miranda*.

Article 38.22 of the Texas Code of Criminal Procedure provides in part that "[n]o oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless," among other things, prior to making the statement but during the recording, the accused is given the *Miranda* warnings codified in subsection (a) of section 2, "and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a). Those statutory warnings include: (1) that the accused has the right to remain silent and any statement he makes may be used against him at trial; (2) that any statement he makes may be used as evidence against him in court; (3) that he has the right to have a lawyer present to advise him during any questioning; (4) that if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and (5) that he has the right to terminate the interview at any time. *Id*. art 38.22 § 2(a).

A person is in custody when, "under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Herrera v. State*, 241 S.W.3d 520, 525 (Tex. Crim. App. 2007) (quoting *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996)). The Texas Court of Criminal Appeals has identified four general situations that may constitute custody: (1) when the person is physically deprived of his freedom of action in any significant way; (2) when a law enforcement officer tells the suspect that he cannot leave; (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave. *Dowthitt*, 931 S.W.2d at 255.

However, the procedural safeguards of *Miranda* and article 38.22 do not apply to all custodial questioning. *See Wilkerson v. State*, 173 S.W.3d 521, 527 (Tex. Crim. App. 2005);

*Peterson v. State*, No. 05–12–01021–CR, 2013 WL 5657772, at *3 (Tex. App.—Dallas Oct. 16, 2013, no pet.) (not designated for publication). They apply only to custodial interrogation by law enforcement officers or their agents. *Wilkerson*, 173 S.W.3d at 527. The mere fact of state employment does not make someone a state agent for purposes of custodial interrogation. *See Peterson*, 2013 WL 5657772, at *3 ("Although a CPS worker is an employee of the state, state employment does not, by itself, make a person a state agent for purposes of defining custodial interrogation.") (citing *Wilkerson*, 173 S.W.3d at 528). In addition, courts have noted that statements made to probation officers while not under arrest are not generally subject to the requirements of article 38.22. *Bustamante v. State*, 493 S.W.2d 921, 922 (Tex. Crim. App. 1973); *Kirven v. State*, 492 S.W.2d 468, 469 (Tex. Crim. App. 1973); *Cunningham v. State*, 488 S.W.2d 117, 120 (Tex. Crim. App. 1972); *Holmes v. State*, 752 S.W.2d 700, 700–01 (Tex. App.—Waco 1988, no pet.) (statements made by defendant to probation officer that he had been drinking did not occur during custodial interrogation); *see also Lockhart v. State*, Nos. 07–12–0077–CR, 07–12–0083–CR, 2012 WL 4039700, at *1 (Tex. App.—Amarillo Sept. 13, 2012, no pet.) (mem. op., not designated for publication); *Waxler v. State*, No. 06–08–00015–CR, 2008 WL 2065513, at *1 (Tex. App.—Texarkana May 15, 2008, no pet.) (mem op., not designated for publication). It is only when the probation officer and the police are investigating a criminal offense *in tandem* that article 38.22 warnings may be required. *See Wilkerson*, 173 S.W.3d at 529 ("When a state-agency employee is working on a path parallel to, yet separate from, the police, *Miranda* warnings are not required," but if those once-parallel paths converge and the "police and state agent are investigating a criminal offense in tandem, *Miranda* warnings and compliance with article 38.22 may be necessary."); *see also Huff v. State*, No. 02–10–00477–CR, 2011 WL 2754562, at *4–5 (Tex. App.—Fort Worth July 14, 2011, no pet.) (mem. op., not designated for publication). Furthermore, the person alleging the existence of an agency

relationship has the burden of proof, and no presumption of agency exists. *Wilkerson*, 173 S.W.3d at 529.

In this case, appellant's probation officer testified that appellant was not under arrest when he admitted in front of her that he used methamphetamine on four separate occasions. There is no evidence showing that the probation officer was acting on behalf of or in conjunction with law enforcement in investigating a crime. Rather, the statements in question were made during an office visit, and appellant was required by the terms of his probation to report to the probation officer as scheduled by the officer. As the court of criminal appeals stated in *Cunningham*, "The purpose of probation would be materially affected and the relationship between the probation officer and his probationer would be a strained one if upon every contact, monthly report, or visit, the officer was required to give the *Miranda* warnings and obtain an affirmative waiver of the probationer's rights." *Cunningham*, 488 S.W.2d at 120. Accordingly, because there has been no showing that appellant was under arrest or otherwise in state custody when he met with his probation officer, the trial court did not abuse its discretion by allowing the probation officer to testify that appellant admitted using methamphetamine. Furthermore, those admissions served as sufficient evidence for the trial court to conclude appellant violated the terms of his probation. We overrule appellant's second issue.

### *Failure to Pay the DWI/Drug Court Program Participation Fee*

In his third issue, appellant argues the evidence is insufficient to support finding paragraph five of the motion to revoke true, which alleged in part that appellant failed to pay the $400 DWI/Drug Court Program participation fee, because "the State did not show that the movant had the ability to pay the drug court fee."

Article 42.12, § 21(c) of the code of criminal procedure provides part:

In a community supervision revocation hearing at which it is alleged *only* that the defendant violated the conditions of community supervision by failing to pay

–8–

compensation paid to appointed counsel, community supervision fees, or court costs, the State must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (emphasis added).

This case involves violations of the terms of appellant's probation other than the failure to pay the DWI/Drug Court Program participation fee. In addition to appellant's admitted use of methamphetamine, the State's fifth allegation alleged two different violations, i.e., that appellant failed to participate in and successfully complete the DWI/Drug Court Program, *and* that he failed to pay the $400 participation fee. The probation officer testified that appellant did not participate in or show up for the DWI/Drug Court Program, and that he was kicked out of the program because "he failed to appear." Based on the probation officer's testimony, the trial court could have concluded that the fifth allegation in the motion to revoke was true without having to consider appellant's ability to pay the $400 participation fee. Moreover, even if we assume that the State failed to prove that appellant failed to participate in or successfully complete the DWI/Drug Court Program, *or* that he failed to pay the participation fee, the trial court did not abuse its discretion because (as discussed above) appellant's community supervision could have been revoked on other grounds, and proof of even a single violation will support revocation. *See, e.g., Moore*, 605 S.W.2d at 926. We overrule appellant's third issue.

### *Modification of Judgment*

Appellant pleaded not true to the allegations in the State's motion to revoke. The trial court found the first five allegations in the motion to be true. The judgment, however, states that appellant pleaded "true" to the motion to revoke. Because the necessary information is available in the record, on our own motion we modify the trial court's judgment to show appellant pleaded "not true" to the motion to revoke. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (providing that an appellate court has the

authority to modify incorrect judgments sua sponte when the necessary information is available to do so); *see also Tyler v. State*, 137 S.W.3d 261, 267–68 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (authority to modify judgment is not dependent upon a party's request).

As modified, the trial court's judgment is affirmed.

<u>/ Lana Myers/</u>
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131535F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY WADE PARKER, Appellant

No. 05-13-01535-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-80444-2013.
Opinion delivered by Justice Myers.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to Motion to Revoke: TRUE" is changed to read "Plea to Motion to Revoke: NOT TRUE"

As **MODIFIED**, the judgment is **AFFIRMED**. We direct the trial court to enter a new judgment that reflects this modification.

Judgment entered this 29th day of December, 2014.

–11–